Crocker *v.* Carson.

---

### Crocker *versus* Carson.

In trespass for breaking and entering a *building*, no defence is established by proof that an article, belonging to the defendant, had been deposited by his consent within the building, and that the breaking and entering were for the purpose of taking it away.

On Report from *Nisi Prius*, Shepley, C. J. presiding.

Trespass for breaking and entering the plaintiff's close, and taking away five tons of the plaintiff's hay.

The case shows *that* the plaintiff owned a farm with a barn standing upon it; — *that* he employed the defendant to cut the hay and put it into the barn; — *that* after being put into the barn, the hay was, by the agreement, to be divided into three equal parts, of which the defendant was to have one for his services; — *that* the defendant was to have the right of keeping his part of the hay in the barn until the next year or

until he could sell it ; — *that* the defendant cut the hay and put it into the barn ; — *that* the plaintiff then locked the barn and kept the key ; — and *that* the defendant, without the plaintiff's consent, forcibly broke into the barn and carried away a portion of the hay.

The case was withdrawn from the jury, and submitted to the Court.

*D. T. Granger,* for the plaintiff.

*Fuller & Harvey,* for the defendant.

1. There was, in the contract, an *implied* authority for the defendant to enter the barn and take his part of the hay. The act, therefore, could not be a trespass, even if he took more than his part. It was but the abuse of a license. The remedy would be in trover. Though the abuse of an authority, conferred *by law,* may be a trespass *ab initio,* it is otherwise as to a license conferred by the act of a party. 18 Pick. 110 to 114 ; 2 Shep. 44.

2. The grass belonged to the plaintiff and the defendant as co-tenants. For the owner of land may sell whatever can be severed from the freehold. Such a sale is a license to enter and take it. 10 Pick. 209 ; 19 Maine, 253.

SHEPLEY, C. J., orally. — Whether the parties were tenants in common of the hay is immaterial. The barn belonged to the plaintiff, and the hay was in it by the defendant's consent. If the hay was the joint property of the parties, or even if it was owned by the defendant alone, he had no right to break the barn to take it or any part of it away, without consent of the plaintiff.

*Defendant defaulted.*